**Claire McDONALD et al., Plaintiffs,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 84–2190–G.

United States District Court, D. Massachusetts.

Dec. 19, 1985.

Sarah Anderson, Linda L. Landry, Neighborhood Legal Services, Lynn, Mass., Laura Rosenthal, Nancy Lorenz, Greater Boston Legal Services, Boston, Mass., and Alan S. Els, Cambridge & Somerville Legal Services, Inc., Cambridge, Mass., for plaintiffs.

Marianne Bowler, Asst. U.S. Atty., Boston, Mass., Edwin Meese, III, U.S. Atty. Gen., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

GARRITY, District Judge.

Plaintiffs in the instant class action challenge the regulatory policies and procedures of the Social Security Administration which are used to deny disability benefits to claimants on the grounds that they do not have severe impairments. These policies are found in both the regulations and social security rulings. 20 C.F.R. §§ 404.-1520(c); 404.1521; 416.920(c); 416.921; SSR 82–55; and SSR 82–56. Plaintiffs allege that these regulations [1] and rulings conflict with the definition of disability contained in the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A) and thus are invalid both facially and as applied. Additionally, plaintiffs aver that such regulations and rulings violate their constitutional rights under the Fifth Amendment.

On June 27, 1985, the court granted plaintiffs' motion for class certification, finding that the requirements of Fed.R. Civ.P. 23 had been satisfied. The court entered an order defining the class as:

> All persons residing in Massachusetts who have filed or will file applications for disability benefits under Title II or Title XVI of the Social Security Act, and whose benefits have been or will be denied on the grounds that they do not have a severe impairment, pursuant to the policies set forth in 20 C.F.R. §§ 404.1520(c), 404.1521, 404.1522, 416.-920(c), 416.921 and 416.922, and Social Security Rulings cum. ed. 82–55 and 82–56 (1982).[2]

The court further requested the parties to submit a proposed briefing and hearing schedule for cross-motions for summary judgment by July 5, 1985. Cross-motions were filed and the court had a hearing on the motions on December 2, 1985. After hearing oral argument and considering the briefs and exhibits submitted by the parties, the court grants plaintiffs' motion for summary judgment on class issues and denies defendant's motion.[3]

---

1. The regulations in 20 C.F.R. § 404.1 *et seq.* relate to Title II of the Social Security Act ("SSI") and the regulations in 20 C.F.R. § 416.-101 *et seq.* relate to Title XVI of the Act ("SSDI"). The regulations concerning the Secretary's severity policies are identical under SSI and SSDI. For simplicity, the court will refer to SSI regulations only.

2. This class definition does not include recipients of benefits whose benefits have been or will be terminated by the Secretary since the continuing disability determination is conducted pursuant to § 404.1588 *et seq.*, which does not include the severity test.

3. The four named plaintiffs, Claire McDonald, Gerald Maloney, Lucy Steele and Willie Brinson, have also moved for summary judgment on

## I. *The Secretary's Severity Policies*

The Social Security Act defines the term "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Congress clarified this definition in 1967 with the addition of 42 U.S.C. § 423(d)(2)(A), which provides:

For purposes of paragraph (1)(A)—(A) an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

In 1968, the Secretary issued a regulation which provided that "[m]edical considerations alone can justify a finding that the individual is not under a disability when the only impairment is a slight neurosis, slight impairment of sight or hearing or other slight abnormality or combination of slight abnormalities." 20 C.F.R. § 404.1502(a) (1968). This regulation was replaced in 1978 with the current so-called severity test, which was incorporated as step two of the Secretary's five-step sequential analysis for evaluating disability claims. 20 C.F.R. § 404.1520. The severity test provides:

(c) You must have a severe impairment. If you do not have any impairment(s) which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

"Severe impairment" is defined in 20 C.F.R. § 404.1521, which is set out in the margin.[4] If a claimant is determined not to have a severe impairment at step two, a finding of not disabled is made without further consideration under steps three through five. 20 C.F.R. § 404.1520(a). Step 3 lists various impairments which are considered *per se* disabling and a claimant with a listed impairment or its medical equivalent is determined disabled irrespective of age, education and work experience. § 404.1520(d). If a claimant has a severe impairment, but it does not meet or equal a listed impairment, his disability status is further evaluated under steps 4 and 5. Step 4 evaluates a claimant's residual functional capacity and ability to perform his previous work. § 404.1520(e). Step 5 applies if the claimant is found to be incapable of doing his past work. Under step 5,

---

their individual claims for benefits. The propriety of ruling on these individual claims will be more fully discussed in Part III, *post*. However, the collateral nature of the court's jurisdiction in this matter, as well as the nature of the result the court reaches, counsels against exercising the discretionary power to reverse the decision of the Secretary without remand authorized by 42 U.S.C. § 405(g).

**4.** § 404.1521 What we mean by an impairment that is not severe.

(a) Non-severe impairment. An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities.

(b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include:—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

the Secretary determines whether the claimant, considering his age, education and work experience, can perform any other work, and if he can not, he is found disabled. § 404.1520(f). Additionally, on August 20, 1980, the Secretary promulgated a list of examples of impairments which were to be held not severe as a matter of law, regardless of whether they prevented the claimant's performance of his past work. SSR 82–55.

## II. *The Cross-Motions for Summary Judgment*

This court is not the first, and will certainly not be the last, to address the question of whether the Secretary's step two severity test is consistent with the Act. Several courts of appeal have already found the step two regulation either invalid on its face or as applied by the Secretary. *See, e.g., Johnson v. Heckler,* 7th Cir.1985, 769 F.2d 1202; *Yuckert v. Heckler,* 9th Cir.1985, 774 F.2d 1365; *Baeder v. Heckler,* 3rd Cir.1985, 768 F.2d 547. Also, two other courts of appeal have cases similar to the one at bar pending before them. *See, Smith v. Heckler,* E.D.Cal.1984, 595 F.Supp. 1173; *Dixon v. Heckler,* S.D.N.Y. 1984, 589 F.Supp. 1494. In resolving the issues presented in the instant action, the court relies principally on the well-reasoned opinion of the 7th Circuit in *Johnson v. Heckler,* 7th Cir.1985, 769 F.2d 1202. The analysis is persuasive and, in our view, correct. It is thus somewhat disconcerting that the Secretary continues to enforce vigorously the step two regulation after its express invalidation by the *Johnson* court.

■ Turning to plaintiffs' motion for summary judgment, their first claim is that the step two regulation as written violates the definition of disability contained in the Act. 42 U.S.C. § 423(d)(1)(A) and (d)(2)(A). In plaintiffs' view, the statutory definition of disability expressly links the concept of severity to functional limitations and vocational considerations, not simply to medical diagnosis. In defense of the regulation, the Secretary contends that the legislative history and the language of the Act, particularly § 423(d)(2)(A), reflect the underlying

premise of Congress that some impairments are so slight as to justify an immediate conclusion based on medical evidence alone that they could never prevent a claimant from working. The Secretary seeks to characterize the step two regulation not as an independent test of eligibility, but rather as a *de minimis* test for screening out frivolous claims.

Although questions of statutory interpretation are often close, the court is persuaded that the Secretary's interpretation of the statutory definition of disability is erroneous. Nothing in the language or legislative history of the Act or its subsequent amendments indicates that Congress intended for a finding of non-disability based on medical factors alone. The statutory language incorporates both medical and vocational factors and emphasizes the causal relationship between the two. In the court's view, Congress did not intend that the concept of severity be measured in a medical vacuum. Rather, Congress intended that the term "severity" represent the point at which a person's impairments, when coupled with his unique vocational limitations, make the prospect of gainful employment sufficiently remote that payment of benefits is warranted.

The court is cognizant of other courts' toleration of the regulation as a necessary *de minimis* screening test. However, there is nothing in the language of the regulation that compels a *de minimis* interpretation of the severity requirement. On the contrary, the very vagueness of the term "severity" permits covert manipulation of the severity threshold in response to budget constraints, administrative overburdening, or judicial scrutiny. Furthermore, under the court's construction of the statutory definition, even a *de minimis* medical threshold of eligibility is inconsistent with the statutory mandate that vocational considerations be factored into the disability equation.

In defense of the regulation, the Secretary maintains that the step two test does address vocational considerations because it calls for an assessment of the effect of

an impairment on the claimant's ability to perform "basic work activities." 20 C.F.R. § 404.1521. In the court's opinion, Congress did not intend that a claimant's alleged disability be judged against some fictional average person's ability to perform what the Secretary deems "basic work activities." The Act speaks in terms of *"his* impairment," *"his* previous work," *"his* age, education, and work experience," and thereby provides for an individualized assessment of disability. The step two regulation, by contrast, permits the Secretary to label a claimant as not disabled without ever reaching the question of whether *his* impairments in fact prevent *him* from doing *his* past work. This is particularly evident in SSR 82–55 which sets forth a list of impairments which are considered *per se* non-severe, regardless of whether the claimant has shown an inability to do his past work.

The court finds further support for its view that the step two regulation is facially invalid in the substantial case law on the Act's allocation of the various burdens of proof in the disability determination. There is unanimous agreement among the circuits that while the ultimate burden of proving disability lies with the claimant, he makes a prima facie showing upon demonstrating an impairment which prevents him from doing his past work. *See, e.g., Hernandez v. Weinberger,* 1st Cir.1974, 493 F.2d 1120, 1123; *Francis v. Heckler,* 11th Cir.1985, 749 F.2d 1562, 1564. The burden then shifts to the Secretary to show that the claimant is capable of performing other work, in view of his age, education and work experience. *Valencia v. Heckler,* 9th Cir.1985, 751 F.2d 1082, 1086.

Application of this allocation of burdens to the Secretary's five-step sequential analysis further illustrates the facial invalidity of the step two regulation. Under this sequential analysis, the claimant discharges his prima facie burden at step 4. The burden then shifts to the Secretary to prove at step 5 that the claimant is not disabled. The step two severity threshold, however, permits the Secretary to terminate her analysis without affording the

claimant an opportunity to discharge his prima facie burden. Consequently, use of the severity threshold can produce the anomalous result that benefits are denied to a claimant who can not, in fact, do his previous work without a prior determination by the Secretary that such claimant, considering his age, education and work experience, can do other work. Furthermore, apart from enabling the Secretary to circumvent her burden of proof in such cases, the severity threshold also allows her to bypass the full-scale evaluation of an applicant, based on both medical and vocational factors, guaranteed by the language of the Act. 42 U.S.C. § 423(d)(1)(A) and (d)(2)(A).

Finally, the court rejects the Secretary's suggestion that the 1984 Act endorsed the sequential evaluation process. Section 4(a)(1) of the 1984 Act amended Section 223(d)(2) of the Social Security Act, 42 U.S.C. § 423(d)(2), by adding a new subparagraph (C), which provides as follows:

> In determining whether an individual's physical or mental impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process.

*See also* 1984 Act § 4(a)(2)(b). The language of the new subsection added by the 1984 Act hardly evinces congressional validation of the Secretary's severity test. The new subsection does no more than require the Secretary to discontinue her policy of refusing to consider the combined effect of non-severe impairments. The court agrees with the *Johnson* court which, when presented with the identical argument by the Secretary, stated, "Step two of the sequential evaluation process was not, however, the focal point of the 1984 Amendment.... To the extent that Congress in the 1984 Amendment addressed

step two, Congress disapproved of the Secretary's 'severity' regulations and relied on the upcoming revision of the evaluation process to remedy its disapproval." *Johnson v. Heckler,* 7th Cir.1985, 769 F.2d 1201, 1211, citing H.Rep. No. 98–618, 98th Cong., 2d Sess. 7–8, *reprinted in* 1984 U.S.CODE CONG. & AD.NEWS, 3038, 3044–45. The House Report, rather than endorsing the step two regulation, evidences at most a skepticism about its overall validity and workability, and express reliance on the Secretary's promised reevaluation of the regulation.

In summary, the court holds that the step two severity regulations, 20 C.F.R. § 404.1520(c) and § 416.920(c) are inconsistent with the Social Security Act and are thus invalid as written. Accordingly, the court grants plaintiffs' motion for summary judgment on class issues and denies defendants' motions.[5]

### III. *The Four Named Plaintiffs' Individual Claims for Benefits*

■ The four named plaintiffs in this action have moved for summary judgment on their individual claims for disability benefits. The court postponed a hearing on the plaintiffs' individual motions pending resolution of the cross-motions on class issues. Upon consideration of the plaintiffs' motions and the supporting and opposing briefs, the court finds that it would be inappropriate to rule on these motions at this time.

The court's original jurisdiction over this class, as defined and certified in the court's order of June 27, 1985, was premised on the collateral nature of plaintiffs' claims. Specifically, the court waived the exhaustion requirement of 42 U.S.C. § 405(g) with respect to certain class members because, "plaintiffs' claims are wholly collateral to their individual claims for benefits since plaintiffs challenge a procedure of the Secretary and, therefore, resolution of the issues in their favor will not result in an automatic award of benefits." In the in-

stant individual motions, however, plaintiffs ask the court to reverse the Secretary's adverse decision and to award benefits immediately rather than remanding the cases to the Secretary. Such a course would be imprudent for several reasons.

First, certification of the class was based in large part on the fact that plaintiffs sought declaratory and injunctive relief with respect to the entire class, and not damages. Fed.R.Civ.P. 23(b)(2). The purpose of allowing the case to proceed as a class action, even though certain proposed class members had not exhausted their administrative remedies, was to avoid a multiplicity of lawsuits raising the same procedural question and requesting the same relief, and to provide a common binding adjudication on an issue applicable to all class members. This purpose would be frustrated if the court were to embroil itself in the awarding of benefits, a type of relief that would vary as to each class member depending upon the individual facts of each member's claim. This is particularly true in the instant case where the class, although its exact size is unknown, potentially numbers in the thousands, and the court's resolution of the procedural claim is not dispositive of and, in fact, perhaps only marginally related to some members' individual substantive claims.

Moreover, if the court were to reverse the Secretary's decision on the named plaintiffs' claims for benefits and find disability as a matter of law, it would be acting beyond the scope of the authority conferred on it by Congress in 42 U.S.C. § 405(g). Under the statute, the role of the court is to review the Secretary's findings of fact, not to make its own. In the instant action, the court has decided that the Secretary's use of the step two regulation was improper and invalid. However, since the use of the step two regulation terminates the disability determination without any consideration of vocational factors, the Secretary has had no opportu-

---

5. Because the court has found that the Secretary's step two regulation is inconsistent with the Act, it does not reach the question of wheth- er the regulation is invalid as applied or whether the regulation denies plaintiffs due process or equal protection of the laws.

nity to make findings under steps three through five of the sequential evaluation procedure. Thus, if the court were to reverse the Secretary's decision on plaintiffs' claims without ordering a remand, it would, in effect, have to make findings of fact with respect to functional limitations and vocational considerations. In the court's opinion, the proper course of action is to remand the claims of all class members to the Secretary for further consideration under steps three through five of 20 C.F.R. § 404.1520(c) and § 416.920(c). This will provide the Secretary with an opportunity either to rule on plaintiffs' claims, perhaps obviating the need for further judicial action, or to develop a record upon which the court can perform its proper function of limited review under 42 U.S.C. § 405(g).

### IV. *Conclusion*

Plaintiffs' motion for summary judgment on class issues is granted and defendant's motion is denied. The four named plaintiffs' motions for summary judgment on their individual claims for benefits are denied. The Secretary is enjoined from further enforcing the step two rules and regulations and is ordered to redetermine the eligibility for benefits of class members, including the named plaintiffs, in conformance with the law as stated in this opinion.