Joan BLAIS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 85–3184–Y.

United States District Court,
D. Massachusetts.

Feb. 28, 1986.

Keith B. Hughes, Lawrence, Mass., for plaintiff.

Marianne Bowler, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff Joan Blais brought this action to obtain judicial review of a final decision of the Secretary of Health and Human Services (the "Secretary") denying Blais' application for Supplemental Security Income benefits. The Secretary found that Blais suffered from bronchial asthma, allergies, and fibrocystic breast disease but that these impairments were not disabling. Blais argues that this determination is not supported by substantial evidence and is based on certain erroneous conclusions of law.

### I.

Blais is a 34 year old woman who is a high school graduate and who has completed one year of college. In June, 1976, she began working as a social service case manager. In 1981 Blais was granted a two week leave of absence because of her bronchial asthma and allergies, and returned to work on a part-time basis until she resigned because of her asthma and allergies in August, 1983. Blais suffers from perennial bronchial asthma, allergies, and fibrocystic disease. She was hospitalized several times between 1976 and 1981 for treatment of asthma and allergies and again in 1983 for a partial mastectomy. Blais has not worked since August, 1983.

Blais applied for disability benefits on October 13, 1983. Her application was denied initially and again upon reconsideration. Blais requested a hearing before an Administrative Law Judge and one was held on April 19, 1984. On May 10, 1984, the Administrative Law Judge found that Blais was disabled and that she was entitled to disability insurance benefits under the Social Security Act beginning on August 21, 1983. On July 6, 1984, the Appeals Council notified Blais that it intended to review the decision of the Administrative Law Judge and on June 14, 1985, it reversed, finding that Blais had no severe impairment and was not under a disability.

### II.

A district court reviewing a decision of the Secretary must determine whether the decision is supported by substantial evidence and conforms to statutory requirements. *Geoffroy v. Secretary of HHS*, 663 F.2d 315, 319 (1st Cir.1981). The Secretary has promulgated regulations that employ a five step test to determine whether a claimant is disabled. *See Goodermote v. Secretary of HHS*, 690 F.2d 5, 6 (1st Cir.1982). The second step of this test asks whether the claimant has a severe impairment. A "severe impairment" means an impairment which "significantly limits his or her physical or mental capacity to perform work-related functions." 20 C.F.R. § 404.1521 (1985). If the claimant does not have a severe impairment, the claimant is automatically considered not disabled without further consideration under steps three through five.

### III.

This court takes judicial notice of *McDonald v. Heckler*, 624 F.Supp. 375 (D.Mass.1985) which held that the step two severity regulations, 20 C.F.R. §§ 404.-1520(c) and 416.920(c) are inconsistent with the Social Security Act and are thus invalid as written. The court reasoned that Congress did not intend that a determination of non-disability should be based on medical

factors alone.[1] Accordingly, the *McDonald* court enjoined the Secretary from further enforcing the step two severity regulations and ordered the Secretary redetermine the eligibility for benefits of the class members who were claimants in that case.

■ Ordinarily, one would have imagined that the *McDonald* ruling would bring this case to a swift and economical halt. After all, the Secretary having fully litigated in *McDonald* the precise legal issue here presented—having had his "bite at the apple" as it were—and having lost, general principles of issue preclusion, with their concern for judicial economy and for protecting litigants from the burden of relitigating identical legal issues with the same party or his privy, would seem to mandate a like judgment here without the necessity for further analysis. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979) (permitting new plaintiff to invoke a previous finding of the Securities Exchange Commission against the same nongovernmental defendant in a later suit). *Accord Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). This is the general Restatement rule. Restatement (Second) of Judgments, § 27 at 250 (1982). Surprisingly, however, this rule apparently ceases to apply in most cases where it is the government which is the losing litigant. *United States v. Mendoza*, 464 U.S. 154, 159–162, 104 S.Ct. 568, 572–573, 78 L.Ed.2d 379 (1984). While the governmental exception has been criticized, and a narrow case-by-case exception to the general rule called for, Note, *Collateral Estoppel and Nonacquiescence: Precluding Government Relitigation in the Pursuit of Litigant Equality*, 99 Harv.L.Rev. 847, 859–861 (1986), this Court is satisfied that the *Mendoza* governmental exception to the general rule of offensive issue preclusion applies in the circumstances of this case. *See Levin & Leeson, Issue Preclusion Against the United States Government*, 70 Iowa L.Rev. 113, 134 (1984). Accordingly, this case requires further inquiry.

■ In *McDonald*, the claimants brought a class action challenging the regulatory policies and procedures of the Social Security Administration which are used to deny disability benefits to claimants on the grounds that they do not have severe impairments. *McDonald v. Heckler*, 624 F.Supp. 375, 376 (D.Mass.1985). The court granted the motion for class certification and defined the class as:

> All persons residing in Massachusetts who have filed or will file applications for disability benefits under Title II or Title XVI of the Social Security Act, and whose benefits have or will be denied on the grounds that they do not have a severe impairment, pursuant to the policies set forth in 20 C.F.R. §§ 404.1520(c), 404.1521, 404.1522, 416.920(c), 416.921 and 416.922 and Social Security Rulings cum. ed. 82–55 and 82–56 (1982).

*Id.* at 376.

In the present case, therefore, the Secretary cannot avoid the impact of *McDonald* by claiming exemption from general standards of offensive issue preclusion since Blais is herself a member of the broadly defined class whose rights have already been adjudicated therein. In short, though Blais seems not to have been aware of it until quite recently, she had her "bite of the apple" as part of the *McDonald* class and she's won. As there is a complete identity of the parties, this case must be dismissed upon the ground of res judicata, a principle fully applicable to the Secretary.

While the appropriate judgment would simply dismiss this action upon the ground of res judicata and allow Blais to pursue further proceedings as part of the *McDonald* class, as this Court is fully persuaded by the reasoning in *McDonald* and agrees that the Secretary's regulations fail to square with the statutory mandate, this Court independently rules that, upon the

---

1. Several courts of appeal have also held the step two regulation either invalid on its face or as applied by the Secretary. *See e.g. Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985), *Yuckert v. Heckler*, 774 F.2d 1365 (9th Cir.1985), *Baeder v. Heckler*, 768 F.2d 547 (3rd Cir.1985).

entry of judgment dismissing this action upon the ground of res judicata, the Secretary is directed to redetermine Blais' claim of disability in conformance with the decision in *McDonald v. Heckler,* 624 F.Supp. 375 (D.Mass.1985).