Claire McDONALD et al., Plaintiffs,

v.

Margaret HECKLER, Secretary of Health & Human Services, Defendant.

Civ. A. No. 84–2190–G.

United States District Court, D. Massachusetts.

March 10, 1986.

Sarah Anderson, Linda L. Landry, Greater Boston Legal Services, Laura Rosenthal, Mass. Law Reform Institute, Nancy Lor-

enz, Greater Boston Legal Services, Boston, Mass., Alan S. Els, Cambridge and Somerville Legal Services, Inc., Cambridge, Mass., for plaintiffs.

Marianne Bowler, Asst. U.S. Atty., Boston, Mass., Edwin Meese, III, U.S. Atty. Gen., Washington, D.C., for defendant.

## SUPPLEMENTAL MEMORANDUM AND ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

GARRITY, District Judge.

In a December 19, 1985 order, 624 F.Supp. 375 entered in the instant class action, the court granted plaintiffs' motion for summary judgment on their claim that the severity test incorporated as step two of the Secretary's five-step sequential analysis for evaluating disability claims [1] violated the Social Security Act, 42 U.S.C. § 423(d)(1)(A) and (d)(2)(A), and thus was invalid on its face. The order, however, did not address plaintiffs' additional claim that the Secretary's policy of refusing to consider the combined effect of two or more unrelated non-severe impairments when applying the step two severity test was also violative of the Social Security Act and therefore invalid. This policy was embodied in 20 C.F.R. § 404.1522 and § 416.922. However, the Social Security Disability Benefits Reform Act of 1984, Pub.L. 98–460, 98 Stat. 1794 et seq. ("the 1984 Amendment") amended Section 223(d)(2) of the Social Security Act, 42 U.S.C. § 423(d)(2) by adding a new subparagraph (C), which provides:

In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of such impairments shall be considered throughout the disability determination process.

This amendment became effective on December 1, 1984 under § 4(c) of the 1984 Act. Accordingly, the court determined in an order entered on June 27, 1985, that plaintiffs' additional claim was moot with respect to proposed class members who had not exhausted their administrative remedies as of that date but not as to those proposed class members who had received a final decision from the Secretary prior to the effective date. The court now decides the question of whether the Secretary was required to consider the combined effect of non-severe impairments under the Social Security Act prior to the 1984 Amendment. After considering the briefs and exhibits submitted by the parties, the court grants plaintiffs' motion for summary judgment on this additional class issue and denies defendant's motion.

Since 1967, the Social Security Act has defined disability as follows:

An individual ... shall be considered to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work.... 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Act further defines a physical or mental impairment as one that "results from ... abnormalities ... demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(C). The statute speaks in terms of multiple impairments and abnormalities and thus expressly encompasses the concept of two or more impairments constituting a disability. In the court's view, the very language of the statute requires the Secretary to consider the combined effect of all of a claimant's impairments on his ability to perform substantial gainful work. This is eminently sensible in light of the difficulty of frag-

---

**1.** *See* 20 C.F.R. § 404.1520(c) and § 416.920(c).

menting the disability determination process by attempting to isolate each of a claimant's impairments and to measure its individual impact on work-related functions. Such an artificial approach to multiple health problems inevitably leads to speculation on the part of administrative decisionmakers, rather than the informed judgment based on "medically acceptable clinical and laboratory diagnostic techniques" which the statute requires. Furthermore, in view of the Act's goal to provide a source of income to individuals who are unable to work because of medical ailments, it is completely immaterial whether such individuals are prevented from working by one medical ailment or by the combined effect of several medical ailments.

The Secretary's policy of refusing to consider the combined effect of non-severe impairments is also manifestly irrational. Social Security Ruling 82–55 explains the basis for the policy:

> Inasmuch as a non-severe impairment is one which does not significantly limit basic work-related functions, neither will a combination of two or more such impairments significantly restrict the basic work-related functions needed to do most jobs.

Under such reasoning, an individual who suffers, for example, from all twenty *per se* non-severe impairments listed in SSR 82–55 is presumed to be not disabled even though such impairments, in combination may, and likely will, place a significant limitation on his work-related functions. As the court in *Dixon v. Heckler*, (S.D.N.Y. 1984) 589 F.Supp. 1494, 1508, aptly put it: "In much the same way, a mathematician might prove that because two does not equal four, two plus two never equals four either." Clearly, in order to determine, as the Act requires, whether a claimant has "an impairment or impairments" of such severity as to preclude substantial gainful work, the Secretary must consider the total effect of an individual's impairments on his ability to work, rather than attempting to evaluate each impairment's particular impact on work-related functions. This comports with both the plain language of the

Act and simple human realities. *Accord, e.g., Johnson v. Heckler*, (7th Cir.1985) 769 F.2d 1202; *Griggs v. Schweiker*, (S.D.W. Va.1982) 545 F.Supp. 475; *Bowen v. Heckler*, (11th Cir.1984) 748 F.2d 629.

Furthermore, the court rejects the Secretary's argument that because the 1984 Act only directs the Secretary prospectively to combine multiple impairments, it validated her prior policy of refusing to do so. The 1984 Amendment was remedial in character and intended to "restore confidence in social security programs." 1984 U.S.Code & Ad.News, 98th Cong., 2d Sess. 3038, 3040. Additionally, as observed by the court in *Johnson v. Heckler*, (7th Cir.1985) 769 F.2d 1202, the legislative history of the 1984 Amendment demonstrates that that amendment was designed by Congress to clarify the criteria that must be used in evaluating a claim of disability, rather than to effect a substantive change in the definition of disability. *See*, 1984 U.S.Code Cong.Ad. News, 89th Cong., 2d Sess. 3043, 3046. The legislative history of the 1984 Amendment convinces the court that the original intent of Congress was that non-severe impairments were to be combined for purposes of determining disability. Accordingly, 20 C.F.R. §§ 404.1522 and 416.922 and SSR 82–55 are invalid because they are inconsistent with both the plain language of §§ 423(d)(2)(A) and 1382c(a)(3)(B) of the Social Security Act and the intent of Congress as manifested in the legislative history of the 1984 Amendment.

Accordingly, the court grants plaintiffs' motion for summary judgment on their additional claim concerning the Secretary's refusal to combine non-severe impairments. The court directs the Secretary, on remand pursuant to the court's December 19, 1985 order, to consider the combined effect of non-severe impairments when evaluating the claims for disability benefits of those class members who received a final decision from the Secretary prior to December 1, 1984, the effective date of the 1984 Amendment.