**Paul H. BAEDER**

v.

**Margaret HECKLER, Secretary of Health and Human Services of the United States, Appellant.**

**No. 84–5663.**

United States Court of Appeals, Third Circuit.

Argued June 20, 1985.

Decided July 24, 1985.

---

Peter R. Ginsberg (Argued), W. Hunt Dumont, U.S. Atty., Edward G. Spell, Newark, N.J., for appellant.

James Katz (Argued), Tomar, Parks, Seliger, Simonoff & Adourian, Haddonfield, N.J., for appellee.

Frederick M. Stanczak, Peter B. Macky, Williamsport, Pa., James Lafferty, Jonathan M. Stein, Philadelphia, Pa., amici curiae [certified class of Soc. Sec. applicants in Bailey, et al. vs. Heckler].

Before ADAMS, HUNTER and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

Appellee, Paul Baeder brought this action in the United States District Court for the District of New Jersey under § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (1982), to review a final determination of the Secretary of Health and Human Services, denying his application for disability and disability insurance benefits. Baeder applied for benefits on November 17, 1982. The Secretary denied him benefits both initially and on reconsideration. Baeder requested and was granted a hearing before an Administrative Law Judge ("ALJ"). After a *de novo* consideration of the case, the ALJ ruled on May 27, 1983, that Baeder was not disabled within

the meaning of the Act. The ALJ's ruling became the final decision of the Secretary when the Appeals Council approved it on July 21, 1983. Baeder then commenced the present suit in the district court to review the Secretary's decision finding him not disabled, as well as to determine the validity of the regulation pursuant to which the finding was made. The district court invalidated the regulation and remanded Baeder's case to the Secretary for further proceedings, 592 F.Supp. 1489 (D.C.N.J.1984).

For thirty years, from 1950 through 1980, Baeder worked as a glass bottle machine operator at the Owens-Illinois Glass Company plant. The job required Baeder to lift up to 35 pounds frequently during each work day. The job also required continual bending, reaching and climbing as well as constant standing and walking. Because of developing health problems in the last few years of his employ at Owens-Illinois, Baeder did less strenuous work, such as "spare boy" and janitor. Baeder left the company in 1980, allegedly due to his physical impairments.

The ALJ evaluated Baeder's claim for disability using the five-step process set out in the regulations promulgated by the Secretary to implement the Social Security Act. 20 C.F.R. 404.1520, 404.1521 (1985). The pertinent regulations provide as follows:

§ 404.1520

(a) Steps in evaluating disability. We consider all material facts to determine whether you are disabled. If you are doing substantial gainful activity, we will determine that you are not disabled. If you are not doing substantial gainful activity, we will first consider your physical or mental impairment(s). Your impairment must be severe and meet the duration requirement before we can find you to be disabled. We follow a set order to determine whether you are disabled. We review any current work activity, the severity of your impairment(s), your residual functional capacity and your age, education, and work experience. If we can find that you are disabled or not

disabled at any point in the review, we do not review further.

(b) If you are working. If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.

(c) You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not now have a severe impairment.

(d) When your impairment meets or equals a listed impairment in Appendix 1. If you have an impairment which meets the duration requirement and is listed in Appendix 1, or is equal to a listed impairments, we will find you disabled without considering your age, education, and work experience.

(e) Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

(f) Your impairment(s) must prevent you from doing any other work. (1) If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled. (2) If you have only a marginal education, and long work experience (i.e., 35 years or more)

where you only did arduous unskilled physical labor, and you can no longer do this kind of work, we use a different rule (see § 404.1562).

§ 404.1521 **What we mean by an impairment(s) that is not severe.**

(a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.

(b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include—

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in routine work settings.

After a cursory review of the record, the ALJ found that Baeder did not suffer from a "severe impairment," and therefore under § 404.1520(c) deemed Baeder "not disabled" within the meaning of the statute. In accordance with the section, the ALJ did not consider Baeder's age, education or past work experience, but simply concluded that he had residual functional capacity to perform basic work activities at a substantial gainful level.

In the district court, Baeder challenged the findings of the ALJ as not supported by substantial evidence. In addition, Baeder challenged the validity of 20 C.F.R. § 404.1520(c), the "severe impairment" requirement as authorized by 42 U.S.C. § 405(g).[1] Because the regulation allowed the denial of disability benefits without any consideration of vocational factors such as age, education and past work experience, he claimed it was inconsistent with the Social Security statute under which it had been promulgated. The district court held that the ALJ's finding of no severe impairment was not supported by substantial evidence, and went on to hold the severe impairment regulation invalid. It accordingly vacated the decision of the ALJ, remanded the case to the Secretary for further evaluation of the evidence, and directed the Secretary to proceed on Baeder's claim without reference to 20 C.F.R. § 404.1520(c). But the district court went further, and enjoined the Secretary from conducting any proceedings, *in any other case*, using the severe impairment regulation. The Secretary appeals only that portion of the district court's order which invalidated the regulation, and prohibited its further use.

◼ Preliminarily, we note that the district court correctly concluded that Baeder had standing to attack the regulation. Baeder was expressly denied disability benefits on the ground that he did not meet the "severity" requirement of 20 C.F.R. § 404.1520(c). He thus suffered a direct, tangible injury as a result of the Secretary's application of the regulation, and has standing to challenge its application to his case. The district court also found some disparities and omissions in the record before the ALJ, and sent the case back to allow the ALJ to make further findings of fact as to Baeder's medical conditions. Thus, on remand, Baeder again faces the possibility that the Secretary will deny benefits on the basis of the "severity" regulation. We believe that appellee showed the requisite "actual or threatened injury" nec-

---

1. Section 405(g) provides, in part, that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, and where a claim has been denied by the Secretary or a decision is rendered under subsection (b) of this section which is adverse to an individual who was a party to the hearing before the Secre-

tary, because of failure of the claimant or such individual to submit proof in conformity with any regulation prescribed under subsection (a) of this section, the court shall review only the question of conformity with such regulations and the validity of such regulations."

essary to invoke the authority of the court. *See e.g., Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).

The Social Security Act provides that anyone insured for disability benefits who has not attained retirement age, and who files an application for benefits shall receive benefits if he "is under a disability." 42 U.S.C. § 423(a)(1) (1982). The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at § 423(d)(1)(A). It goes on to state that a " 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3). Thus, on its face, the statute provides for benefits for any person who cannot work due to any medically determined problem. It therefore appears to require consideration of both medical and vocational factors.

■ The Secretary promulgated the disability regulation at issue here pursuant to 42 U.S.C. § 405(a). That section provides that the "Secretary shall have full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions...." As the language of this provision indicates, Congress has "conferred on the Secretary exceptionally broad authority to prescribe standards for applying certain sections of the [Social Security] Act." *Schweiker v. Gray Panthers*, 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981); *see Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). Accordingly, we may only invalidate the

severe impairment regulation if we find that it is inconsistent with the statute or is arbitrary or capricious. *See Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983). *See also Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law' or if [it] failed to meet statutory ... requirements.").

■ The appellee argues, and the district court agreed, that Congress specifically included both medical *and* vocational factors in its statutory definition of disability and, therefore, the severe impairment regulation, which permits a finding of non-disability based on medical factors alone, is inconsistent with the statute. The Secretary argues, on the other hand, that the statute and its legislative history permit her to impose a threshold requirement of medical "severity." To support her position, the Secretary claims that the requirement of medical severity merely reflects the underlying premise that some impairments are so slight as to be presumptively non-disabling and to justify an immediate conclusion that the claimant is not entitled to benefits.

At the outset, we note that the legislative history of the original Social Security Act and its amendments does not, as the Secretary claims, support its conclusion that Congress intended to allow a finding on non-disability based on medical factors alone. On the contrary, nothing in the legislative history indicates that Congress intended other than just what the statute provides for; that a person is disabled if he cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." Both the statute and the legislative history speak in terms of medical *and* vocational factors and emphasize the importance of the relation between the two.[2]

---

2. *See, e.g.,* S.Rep. No. 1987, 83rd Cong., 2d Sess. (1954), *reprinted in* 1954 U.S.Code Cong. & Ad.

News 3710, 3730; S.Rep. 744, 90th Cong., 1st

We believe that the Secretary also fails in her attempt to justify the severe impairment regulation as a *de minimis* requirement which only screens out those applicants whose medical problems could not possibly prevent them from working. As such, argues the Secretary, it encompasses a consideration of vocational factors. Were the Secretary to apply the regulation in this way, we might find that it implicitly considered vocational factors and therefore was consistent with the statute. But the language and history of the regulation, the statistical evidence, and the facts in this case, contradict the Secretary's assertions as to the meaning of the regulation.

In 1968, the Secretary first issued regulations which purported to allow the denial of disability claims on the basis of medical factors alone. The pertinent regulation provided that "[m]edical considerations alone may justify a finding that the individual is not under a disability where the only impairment is a slight neurosis, slight impairment of sight or hearing, or other slight abnormality or combination of abnormalities." 33 Fed.Reg. 7244 (1968). In 1978, the Secretary proposed the change in the regulation, which would then read: "If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c). In response to public comments, which understandably saw the change as one which "contemplates a more serious impairment(s) than previously needed for a finding of disability when vocational factors are adverse," 43 Fed.Reg. 9292, the Secretary assured the public that the change was merely technical and semantic and was not intended to alter the substantive standard. 43 Fed.Reg. 9296–97.

Despite these assurances, statistics show that the Secretary has interpreted the severity requirement to make it increasingly more difficult to meet. According to one House report,[3] in 1975 only 8.4 percent of applicants were denied disability on the basis of medical factors alone. By 1982, the percentage had risen to 40.3. This means that a full forty percent of disability applicants are denied benefits without any evaluation of their age, education or past relevant work experience.

A review of the facts in Baeder's case further illuminates the present meaning of the severity regulation. The record shows that after working for twenty-seven years in the same industrial plant, Baeder began experiencing various symptoms of physical illness. These include frequent spells of dizziness, constant headaches and difficulty in moving his joints. He switched to less strenuous positions within the company until his ailments forced him to retire. The medical reports indicate that he suffers from arthritis, diabetes, vertigo, as well as headaches and chest pains with shortness of breath that has been diagnosed to be a "significant pulmonic obstructive disease" which will very likely get worse. He is presently 55 years old, and lives with his mother. Baeder takes various medications to control his illnesses and symptoms, and has visited his family physician at least twice a month for more than ten years. He was hospitalized for chronic back pain in 1980. He underwent a pulmonary function study in 1983, and his doctor opined that the results were "grossly abnormal" due to significant pulmonic obstructive disease. Baeder's treating physician has stated that he is totally disabled, will never be able to work, has a poor prognosis all as a result of osteoarthritis, diabetes and diabetic peripheral neuropathy. On the basis of this evidence, the ALJ and the Secretary found that Baeder did not suffer from a "severe impairment."

Sess., 43, *reprinted in* 1967 U.S.Code Cong. & Ad.News 2834, 2880, 2883.

**3.** *Background Material and Data on Major Programs Within Jurisdiction of the Committee on*

*Ways and Means: Report of the House Committee on Ways and Means,* 98th Cong., 1st Sess. 79 (1983). Appellee's App. Vol. 2 at 26.

In light of the statistics, as well as the specific facts of Baeder's case, we reject the Secretary's proffered definition of "severe impairment." When she denies benefits to persons with medical problems of the degree experienced by Baeder without any evaluation of his vocational characteristics, as well as to forty percent of all other applicants, we will not hear the Secretary to define a "non-severe" impairment as one which may *never* justify a finding that a person cannot work. In addition, we note that undisputed evidence supports Baeder's claim that he cannot return to his prior employment. Both the regulations and the case law have established that once an applicant has proved that he cannot return to his prior work, he has made a prima facie case of disability and the burden shifts to the Secretary to prove, specifically or by reference to the medical vocational guidelines ("the grids"), that jobs exist in the national economy which the applicant can perform. *See e.g., Rossi v. Califano,* 602 F.2d 55, 57 (3d Cir.1979); *Santise v. Schweiker,* 676 F.2d 925, 936 (3d Cir.1982). *See also Campbell v. Heckler,* 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983) (upholding the medical-vocational guidelines). As the Secretary currently applies the severity regulation, persons who can demonstrate that they cannot return to their prior work may be denied benefits because they cannot meet the severity threshold. *See* "The Sequential Evaluation Process," SSR 82–56, Appellee's App. Vol. 2 at 9.

We believe that section 1520(c) of the regulations does more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working. It also allows the Secretary to bypass a full-scale evaluation, which would consider and relate both medical and vocational factors, of an applicant who might actually be entitled to benefits were his age, education and work experience considered.[4] We cannot analyze the severity regulation except according to its plain language and the manner in which the Secretary uses it. We will not rewrite the regulation to make it conform to the statutory mandate, although other courts have directed the Secretary to apply the regulation only to bar the claims of those with *de minimis* medical complaints. *See e.g., Estran v. Heckler,* 745 F.2d 340–42 (5th Cir. 1984); *Brady v. Heckler,* 724 F.2d 914, 920 (11th Cir.1984); *Chico v. Schweiker,* 710 F.2d 947, 954–55 n. 10 (2d Cir.1983). As it stands, we hold that the severity regulation, 20 C.F.R. § 404.1520(c), is inconsistent with the Social Security Act, and therefore, is invalid.

■ Insofar as the district court held the regulation invalid and directed the Secretary to proceed with Baeder's case without reference to it, the judgment of the district court will be affirmed. We do not believe, however, that in the context of Baeder's claim for disability benefits, the district court had the authority to issue an injunction aimed at controlling the Secretary's behavior in every disability case in the country.[5] Accordingly, the judgment of the district court, enjoining the Secretary from utilizing the severity regulation in all cases other than the one at issue here, will be reversed.

---

4. The district court posited the situation where Baeder is reevaluated without reference to the severity requirement. It ran through the regulations, assuming that Baeder could prove that he could not return to his former work, applied the grids and came up with a finding of disability. The example acutely illustrates the problem with the severity regulation as now drafted.

5. While we will not affirm the all-encompassing injunction issued by the district court, we note that the present opinion compels this court to overturn any denial of benefits made because the Secretary and the ALJ concluded that the applicant's impairment was not severe enough, without reference to vocational factors, to meet 20 C.F.R. § 404.1520(c).