**Janet J. YUCKERT, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

No. 84–4432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 3, 1985.

Decided Oct. 24, 1985.

As Amended Jan. 7, 1986.

James A. Douglas, Gibbs, Douglas, Theiler & Drachler, Seattle, Wash., for plaintiff-appellant.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Gene S. Anderson, U.S. Atty., Richard E. Cohen, Asst. U.S. Atty., Patrick E. McBride, Regional Atty., Richard H. Wetmore, Asst. Regional Atty., Dept. of Health & Human Services, Seattle, Wash., for defendant-appellee.

Before WRIGHT, PREGERSON, and ALARCON, Circuit Judges.

ALARCON, Circuit Judge.

The Secretary of Health and Human Services denied Janet Yuckert's application for social security disability benefits on the ground that she did not suffer from a "severe impairment" within the meaning of 20 C.F.R. §§ 404.1520(c) and 404.1521 (1985). The district court affirmed. Yuckert now challenges the validity of the severity regulation, 20 C.F.R. § 404.1520(c) (1985), as inconsistent with the Social Security Act. She argues that the regulation improperly permits the Secretary to find a claimant not disabled based solely on medical evidence, *see id.*, whereas the statute requires the Secretary additionally to consider the claimant's age, education, work experience, and ability to do her past work, *see* 42 U.S.C. § 423(d)(2)(A). Yuckert alternatively contends that substantial evidence does not support the Secretary's decision and that the Administrative Law Judge (ALJ) committed legal error by failing to give proper weight to the opinions of her treating physicians or to give proper reasons for rejecting their opinions and the testimony of her vocational rehabilitation counselor. We find the Secretary's "severity" regulation invalid and reverse.

I

Background and Facts

In October 1980, Yuckert applied for disability benefits under Title II of the Social Security Act. She alleged that she had been disabled since October 1979 as a result of dizziness, headaches, vision and equilibrium problems, and flat feet. After the denial of her application both initially and upon reconsideration, Yuckert requested a hearing before an ALJ.

At the time of her hearing, Yuckert was forty-five years old. She had a high school education, had completed some college classes, and was enrolled part-time in a computer programming training program. She worked as a travel agent from 1963 to 1977, and sporadically as a licensed real estate broker during 1978 and 1979, when she allegedly began suffering attacks of a debilitating illness.

Yuckert testified that she has been unable to work as a result of her illness because she has problems focusing and refocusing her eyes, can see only one word at a time, is congested, lacks stamina, has headaches, and must rest her eyes every thirty minutes while reading. Her dizziness and equilibrium problems limit her ability to walk or drive: she walks cautiously, staying close to walls or counters, and although she drives 80 miles a week, she uses back and side roads and drives

very slowly. She requires an excessive amount of sleep, usually taking two or more naps a day. She attends school, but only on a part-time basis.

Both of Yuckert's treating physicians concluded that she was disabled. Dr. Fretwell, an allergist, diagnosed Yuckert's problems as a syndrome of middle ear congestion. Dr. Wong, an otologist, diagnosed spontaneous nystagmus going to the left side and bilateral labyrinthine dysfunction. Both doctors noted that Yuckert's problems were not controlled by medication.

Finally, a vocational rehabilitation counselor, Ms. Mott, testified that Yuckert was incapable of returning to her past work and that she probably could not perform any other job until her condition improved. Mott had administered a battery of vocational tests to Yuckert; she found that the results confirmed some of Yuckert's symptoms, particularly her vision problems.

The ALJ evaluated the foregoing evidence and Yuckert's claim under the Secretary's disability evaluation regulation, 20 C.F.R. § 404.1520 (1985). That regulation provides a five-step sequential procedure for determining disability, and allows the Secretary to find a claimant "not disabled" without reference to the vocational factors enumerated in the statute, 42 U.S.C. § 423(d)(2)(A). Here, the ALJ found Yuckert not disabled at step two of the procedure when he found that she did not suffer from a severe impairment that significantly limited her ability to perform basic work-related activities. *See* 20 C.F.R. § 404.-1520(c) (1985). The ALJ thus did not consider whether Yuckert could do her past work or whether she could do any other work, considering her age, education, and work experience.

The Appeals Council denied Yuckert's request for review, and the ALJ's decision became the final decision of the Secretary. Yuckert sought review in the district court. The magistrate assigned to her case determined that substantial evidence supported the determination that she did not have a severe impairment. The district court adopted the magistrate's opinion and af-

firmed the Secretary's decision. Yuckert timely appeals.

## II

### Discussion

Yuckert contends that the "severity" regulation, 20 C.F.R. § 404.1520(c) (1985), is invalid because it conflicts with the language of the Social Security Act, 42 U.S.C. § 423(d)(2)(A), by permitting the Secretary to find a claimant not disabled based solely on medical evidence, without regard to vocational factors, such as the claimant's age, education, work experience, and ability to perform past work. Yuckert raises this issue for the first time on appeal. As a preliminary matter, we consider the Secretary's contention that Yuckert's failure to challenge the regulation below precludes her from raising the issue here.

 Generally, we will not consider an argument on appeal if the parties failed to raise it below. *Abex Corp. v. Ski's Enterprises, Inc.,* 748 F.2d 513, 516 (9th Cir. 1984); *Rainbow Pioneer No. 44–18–04A v. Hawaii-Nevada Investment Corp.,* 711 F.2d 902, 905 (9th Cir.1983). Nevertheless, we recognize an exception to this rule where the issue on appeal is purely one of law that is both central to the case and important to the public. *Abex Corp.,* 748 F.2d at 516; *In re Sells,* 719 F.2d 985, 990 (9th Cir.1983). Here, our consideration of the issue will not require the parties to develop new facts; moreover, the validity of the severity regulation presents a significant question of general impact. *See In re Howell,* 731 F.2d 624, 627 (9th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 330, 83 L.Ed.2d 266 (1984). Thus, we exercise our discretion to consider the issue in spite of Yuckert's failure to raise it in the district court. *See Chico v. Schweiker,* 710 F.2d 947, 952 (2d Cir.1983).

### A. *The Validity of the Regulation*

The Social Security Act provides that certain individuals who are "under a disability" shall receive disability benefits. 42

U.S.C. § 423(a)(1)(D).[1] The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act further provides that a claimant will be found disabled only if his impairment(s) "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A). Thus, on its face, the statute contemplates that the Secretary will consider both medical and vocational factors in awarding benefits. *See Delgado v. Heckler,* 722 F.2d 570, 572–73 (9th Cir. 1983) (discussing 42 U.S.C. §§ 1382c(a)(3)(A) and (B), which contain definitions of disability identical to 42 U.S.C. §§ 423(d)(1)(A) and (d)(2)(A)).

Nevertheless, in 1978, the Secretary promulgated a regulation pursuant to her rulemaking authority under 42 U.S.C. § 405(a) which permits her to determine disability without reference to the vocational factors set forth in 42 U.S.C. § 423(d)(1)(A). *See* 20 C.F.R. § 404.1520(c) (1985) (original version at 20 C.F.R. § 404.1503 (1979)).[2] Under this regulation, the ALJ follows a five-step sequential analysis for evaluating dis-

ability. *Id.; Key v. Heckler,* 754 F.2d 1545, 1548 (9th Cir.1985). If the ALJ finds the claimant not disabled at any step in the evaluation, he does not consider the remaining steps. 20 C.F.R. § 404.1520(a) (1985); *Stone v. Heckler,* 752 F.2d 1099, 1100 (5th Cir.1985).

The first step requires the ALJ to determine whether the claimant is currently working. 20 C.F.R. § 404.1520(b) (1985). If the claimant is working, the ALJ must find her not disabled. *Id.* If the claimant is not working, however, the second step requires the ALJ to determine whether the claimant suffers a severe impairment. 20 C.F.R. § 404.1520(c) (1985). The regulations define a severe impairment as one that significantly limits the claimant's "ability to do basic work activities." 20 C.F.R. § 404.1521(a) (1985). Basic work activities mean "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b) (1985).[3] The ALJ must evaluate the severity of an impairment without reference to vocational factors. 20 C.F.R. § 404.1520(c) (1985).[4] Only if the ALJ finds the claimant's impairment(s) severe does he proceed to the next three steps of the sequential analysis, under which he is required to consider the claimant's age, education, work experience, and ability to perform past work. *See* 20 C.F.R. § 404.-1520(d)–(f) (1985).[5]

---

**1.** The Act's requirements concerning insured status and retirement age are not at issue here. *See* 42 U.S.C. § 423(a)(1).

**2.** Neither the 1980 amendment nor the 1985 amendment to the regulation alters our substantive analysis.

**3.** The regulation gives examples of such activities, including:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b) (1985).

**4.** The second step, here challenged, provides in full:

(c) You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not have a severe impairment.

20 C.F.R. § 404.1520(c) (1985).

**5.** Under the third step, the ALJ considers whether the impairment equals one of the listed impairments found in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(d) (1985). If the impairment is listed, the ALJ must find the claimant disabled. *Id.* If the impairment is not listed, however, the fourth step requires him to

The Secretary contends that the second step of this sequential analysis is valid because it promotes efficiency without violating the provisions of the Social Security Act. She specifically argues that: (1) the regulation is entitled to great deference because it was properly promulgated pursuant to her authority under 42 U.S.C. § 405(a); (2) requiring the ALJ to determine whether the claimant's impairment is severe before considering vocational factors is consistent with the express language of the Act; and (3) the legislative history of the Act, in particular Congress' failure to eliminate the "severity regulation" in the 1984 Amendment, supports her position with respect to the regulation.

■■ We agree with the Secretary that we must accord deference to her interpretation of the Act. *Key v. Heckler,* 754 F.2d 1545, 1552 (9th Cir.1985); *see Schweiker v. Gray Panthers,* 453 U.S. 34, 43, 101 S.Ct. 2633, 2639, 69 L.Ed.2d 460 (1981); *Batterton v. Francis,* 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977). Congress has delegated to the Secretary broad power "to prescribe standards for applying certain sections of the [Social Security] Act." *Gray Panthers,* 453 U.S. at 43, 101 S.Ct. at 2639; 42 U.S.C. § 405(a). Nevertheless, the Secretary's power is not unlimited; the regulations she enacts must be consistent with the provisions of the Act, 42 U.S.C. § 405(a), and "cannot supersede the language chosen by Congress." *Mohasco Corp. v. Silver,* 447 U.S. 807, 825, 100 S.Ct. 2486, 2496, 65 L.Ed.2d 532 (1980). Thus, we will declare the regulation invalid if we find that the Secretary exceeded her

statutory authority or if the regulation is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Key,* 754 F.2d at 1552; *see Heckler v. Campbell,* 461 U.S. [458] at 466, 103 S.Ct. 1952 at 1957, 76 L.Ed.2d 66 (1983); *Batterton v. Francis,* 432 U.S. at 426, 97 S.Ct. at 2406.

■ This circuit has previously noted the apparent "lack of symmetry" between the Secretary's severity regulation and the provisions of the Social Security Act. *Key v. Heckler,* 754 F.2d 1545, 1552 (9th Cir.1985); *Delgado v. Heckler,* 722 F.2d 570, 574 (9th Cir.1983). Although we have previously declined to rule on the validity of the sequential procedure, we now find, along with the Third and Seventh Circuits, that the regulation violates the Act because it does not permit the individualized assessment of disability required by the Act.[6] *See Johnson v. Heckler,* 769 F.2d 1202, 1210–13 (7th Cir.1985); *Baeder v. Heckler,* 768 F.2d 547, 551–53 (3d Cir.1985); *Dixon v. Heckler,* 589 F.Supp. 1494, 1502–06 (S.D. N.Y.1984). *See also Heckler v. Campbell,* 461 U.S. at 467, 103 S.Ct. at 1958 (discussing the statutory scheme for individualized determinations).

First, as we have noted, the regulation, on its face, conflicts with the language of the statute that requires the Secretary, in determining disability, to consider factors such as age, education, work experience, and ability to do past work. 42 U.S.C. § 423(d)(2)(A). *See Delgado,* 722 F.2d at 574; *Johnson,* 769 F.2d at 1212; *Baeder,*

---

ascertain whether the claimant can do past relevant work. 20 C.F.R. § 404.1520(e) (1985). Finally, the fifth step, reached only if the claimant cannot perform past work, dictates that the ALJ evaluate whether the claimant can do any other work, given her age, education, and work experience. 20 C.F.R. § 404.1520(f) (1985).

**6.** Several circuits have upheld the severity regulation by construing the threshold severity showing as as a "de minimis" requirement. *See, e.g., Farris v. Secretary of Health and Human Services,* 773 F.2d 85, 89 (6th Cir.1985); *Estran v. Heckler,* 745 F.2d 340, 341 (5th Cir.1984); *Evans v. Heckler,* 734 F.2d 1012, 1014 (4th Cir. 1984); *Brady v. Heckler,* 724 F.2d 914, 920 (11th

Cir.1984) (per curiam); *Chico v. Schweiker,* 710 F.2d 947, 954–55 & n. 10 (2d Cir.1983).

The government has submitted as supplemental authority a new Social Security Ruling which attempts to clarify policy on step two of the sequential process. The ruling was signed September 17 and has not yet been published. We note, however, that it adopts the "slight abnormality" or "de minimis" interpretation taken by at least five of the circuits. We express no view as to the validity of the new ruling because it is unpublished and because we hold that the regulation it interprets is inconsistent with the Social Security Act.

768 F.2d at 551. We find the Secretary's argument that the regulation is not inconsistent with this language or the statutory purpose belied by the express statutory requirement that both medical and vocational factors be considered in determining disability.

Second, we reject the Secretary's contention that the legislative history of the Act, particularly the 1984 Amendment, supports the sequential evaluation process. Although Congress apparently considered the severity regulation when enacting the 1984 Amendment, we agree with the Seventh Circuit that Congress did not endorse the Secretary's application of the regulation. *See Johnson,* 769 F.2d at 1211–12. Rather, Congress was "concerned" that the Secretary was not "using criteria that clearly reflect the intent of Congress that all those who are unable to work receive benefits." H.R.Rep. No. 618, 98th Cong., 2d Sess. 7, *reprinted in* 1984 U.S.Code Cong. & Ad. News 3038, 3044–45. Although failing to eliminate the "severe impairment" requirement in the regulation, Congress urged the Secretary to revise her criteria "to reflect the real impact of impairments on the ability to work." *Id.* at 3045. *See also Johnson,* 769 F.2d at 1211–12 (containing a fuller discussion of the legislative history). The legislative history does not suggest that Congress intended to permit findings of non-disability based on medical factors alone. *Baeder,* 768 F.2d at 551–52.[7]

Third, the regulation ignores the long-established precedent of this and other circuits that disability determinations be made according to a two-step process, with the claimant first showing an inability to perform past relevant work, and the Secretary then showing that the claimant nevertheless retains the ability to do other work. *See, e.g., Valencia v. Heckler,* 751 F.2d 1082, 1086 (9th Cir.1985); *Francis v. Heckler,* 749 F.2d 1562, 1564 (11th Cir.1985); *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir.1984) (per curiam); *Whitney v. Schweiker,* 695 F.2d 784, 786 (7th Cir.1982); *Hall v. Secretary of Health, Education & Welfare,* 602 F.2d 1372, 1375 (9th Cir. 1979).[8] Because the severity regulation ignores vocational factors where a claimant's impairment is found non-severe, the regulation conflicts with this precedent and thus improperly denies benefits to a claimant who has made a prima facie showing of disability. *See Johnson,* 769 F.2d at 1210; *Baeder,* 768 F.2d at 553.[9]

In light of our legal conclusions and considering the specific facts of Yuckert's case, we hold that the severity regulation, 20 C.F.R. § 404.1520(c) (1985), is inconsistent with the Social Security Act and, therefore, is invalid.

### B. *Substantial Evidence and Legal Error*

Because we find that the ALJ based his decision on an invalid regulation, we need not decide whether substantial evidence supports the Secretary's finding of no severe impairment. Moreover, because the ALJ will have to reconsider the evidence without regard to the severity regulation and issue a new opinion, we need not determine whether he gave proper weight to the opinions of Yuckert's treating physicians or

---

**7.** The absence of support for the Secretary's position in either the statute or the legislative history is fatal to her claim that the severity regulation promotes efficiency. As the Seventh Circuit correctly concluded: "[E]fficiency arguments provide absolutely *no basis for the Secretary* to violate Congressional mandates to implement properly the disability benefits program of this nation." *Johnson v. Heckler,* 769 F.2d at 1213.

**8.** Indeed, the Secretary has issued a ruling, binding on all Social Security Administration personnel, that specifically states that disability benefits may be denied "even though [the im-

pairment] may prevent the individual from doing work that the individual has done in the past." Social Security Ruling 82–56. In another ruling, the Secretary established a list of impairments that will be considered per se non-severe under step two of the severity regulation. Social Security Ruling 82–55.

**9.** Interestingly, the Third Circuit in *Baeder* notes that the Secretary denies benefits to 40.3 percent of disability applicants without any evaluation of their age, education, or past work experience. *Baeder,* 768 F.2d at 552.

whether he gave proper reasons for rejecting their opinions and the testimony of her vocational rehabilitation counselor.

CONCLUSION

We hold that the "severity regulation," 20 C.F.R. § 404.1520(c) (1985), is inconsistent with the provisions of the Social Security Act and is therefore invalid. Accordingly, we reverse the decision of the district court and remand with instructions that the Secretary reevaluate Yuckert's claim without reference to the severity regulation, 20 C.F.R. § 404.1520(c) (1985).

REVERSED AND REMANDED.