Henry STEVENSON

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 85–3243.

United States District Court, E.D. Pennsylvania.

Jan. 15, 1986.

David Freeman, Philadelphia, Pa., for plaintiff.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

OPINION

LUONGO, Chief Judge.

In this Social Security action, plaintiff Henry Stevenson seeks judicial review of the decision of the Secretary of Health and

---

Human Services denying his claim for disability insurance benefits. The parties have filed cross motions for summary judgment. The issue before me is whether the Secretary's decision is supported by substantial evidence, that is, by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). I conclude that the Secretary's decision is, for the most part, supported by substantial evidence. Because the Secretary failed to consider two factors which could affect plaintiff's ability to work, however, I will deny both parties' motions for summary judgment and remand the case to the Secretary for further proceedings.

Plaintiff is a 57 year old man with an eighth grade education and work experience as a grinding machine operator. He last worked in July of 1982, when he was laid off for reasons apparently unrelated to any medical impairment. He claims to have been disabled since July 19, 1982 due to arthritis, an improperly healed right leg fracture and an eye impairment.

On September 10, 1984 a hearing was held before an Administrative Law Judge. The ALJ, in an opinion dated February 13, 1985, ruled that Stevenson's impairments did not prevent him from performing the work of a grinding machine operator. He therefore denied Stevenson's application for benefits. The ALJ's ruling became the final decision of the Secretary when it was adopted by the Appeals Council on May 29, 1985.

Under the Social Security Act, it is the claimant's burden to prove inability to return to past employment. *Ferguson v. Schweiker,* 765 F.2d 31, 36 (3d Cir.1985). In support of his claim, Stevenson testified that his job as a grinding machine operator involved lifting and holding heavy lumps of metal and pulling a hoist. He stated that arthritis and pain in his hands make it difficult for him to grip objects and to straighten his fingers. His right leg, which was broken in 1977, did not heal properly and he has problems walking and standing. His left eye is impaired as a result of cataract surgery. Stevenson testified that he is in severe pain because of arthritis and problems with his feet and right leg.

Veterans Administration hospital records show that Stevenson had cataract surgery on his left eye in 1983. According to the VA records, the operation was considered a success and Stevenson was prescribed bifocals, which he did not get. A Medical College of Pennsylvania record shows that Stevenson visited the emergency room on August 7, 1984. He complained of pain in his rib cage area and was given aspirin. Stevenson has also submitted a record kept by Dr. Wendell Chestnut, who has treated him since 1979 for pain and arthritis. Dr. Chestnut's record consists of one page of sketchy, barely legible notes dated from 1979 to 1984, and contains no details concerning Stevenson's allegedly disabling condition.

Also before the ALJ was the report of Dr. Beverly Graves, who examined Stevenson on behalf of the Social Security Administration. Dr. Graves noted that x-rays of Stevenson's hands showed "minimal degenerative arthritic changes," that the range of motion was normal and that Stevenson's grip strength was four on a scale of one to five. Although x-rays revealed that Stevenson's right leg had been fractured in two places, Dr. Graves reported that the fractures were healed. The doctor stated that Stevenson's right knee had no significant limitation of motion and that he walked with a normal gait. Finally, the doctor confirmed that Stevenson's left eye was poorly functioning but stated that his right eye could read newsprint.

In reaching his decision, the ALJ considered both the medical evidence and plaintiff's subjective complaints. The record supports the ALJ's conclusion that plaintiff's arthritis did not significantly limit his ability to function. First, as the ALJ and Dr. Graves noted, plaintiff's problems

with pain and arthritis began before he was laid off from his job. Second, the only objective medical evidence concerning his physical capabilities indicates that his grip strength and ability to move are not significantly impaired. Third, Stevenson himself testified that he is able to do household chores, visit with friends and relatives and drive a car.

The ALJ found that plaintiff's subjective complaints of pain were not credible. Although such complaints must be seriously considered, *Green v. Schweiker*, 749 F.2d 1066 (3d Cir.1984), they are not conclusive, and may be rejected if they are "grossly disproportionate to the medical findings." *Sheridan v. Schweiker*, No. 82–0269, slip op. at 11 (E.D.Pa. Nov. 6, 1985). As the ALJ acknowledged, the record does show that plaintiff has arthritis and suffers pain and discomfort. The medical reports concerning plaintiff's arthritis and related problems are not, however, specific enough to constitute objective verification of a condition which could reasonably produce disabling weakness and pain. The ALJ's conclusion that plaintiff did not suffer from disabling pain is supported by substantial evidence.

Nevertheless, I must remand the case to the Secretary on the ground that the ALJ did not adequately consider the relationship between plaintiff's medical impairments and the specific requirements of his former job. In concluding that Stevenson could perform his former work, the ALJ stated that Stevenson had had to lift no more than 18 pounds. Although Stevenson's testimony at the hearing concerning lifting requirements was not entirely clear, he indicated in a vocational report dated March 24, 1984 that he had lifted 25 to 50 pounds regularly and that the maximum weight he had lifted was 100 pounds. The Third Circuit has recently stressed that the Secretary must consider medical factors in relation to specific vocational factors when making a disability determination. *Baeder v. Heckler*, 768 F.2d 547 (3d Cir.1985); *Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir. 1985). On remand, the ALJ should make explicit findings as to what lifting tasks were necessary in Stevenson's job and whether he can perform those tasks.

The ALJ also gave inadequate consideration to plaintiff's eye impairment, which he found not to be disabling on the grounds that plaintiff could read with his right eye and that vision in his left eye could be brought to normal by spectacles. Although the record shows that glasses were prescribed for plaintiff, it is not clear as to the extent to which plaintiff's vision problem can be corrected. In addition, the ALJ failed to address plaintiff's claim that a grinding machine operator has to watch hot metal during the grinding process and that his left eye would be unable to tolerate it. On remand, the ALJ should reexamine the medical evidence in light of plaintiff's testimony concerning his former work and should make more complete findings as to whether plaintiff's eye impairment can be corrected and whether it affects his ability to work as a grinding machine operator.