796 F.2d 36
 14 Soc.Sec.Rep.Ser. 229, Unempl.Ins.Rep. CCH 16,880
John WILSON and Mary Christopher, on their own behalf, and
on behalf of others similarly situated
v.
SECRETARY OF HEALTH AND HUMAN SERVICES.
Appeal of Margaret M. HECKLER, Sec. of Health and Human Services.
 Nos. 85-5814, 86-5072.
 United States Court of Appeals,
Third Circuit.
 Argued June 17, 1986.
Decided July 14, 1986.
 
 Richard E. Yaskin (argued), Jacobs & Schwalbe, P.C., Voorhees, N.J., for appellees.
 Laurie J. Gentile (argued), Sp. Asst. U.S. Atty., Thomas W. Greelish, U.S. Atty., Mary Catherine Cuff, Asst. U.S. Atty., Chief, Civil Div., Newark, N.J., for appellant.
 Before SEITZ, HUNTER, and MANSMANN, Circuit Judges.
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 Appellees John Wilson and Mary Christopher originally brought this action in 1984 to appeal the decisions of the Secretary of Health and Human Services (the "Secretary") denying their applications for disability insurance benefits. Appellees subsequently amended their complaint to include class action allegations and requests for declaratory and injunctive relief against the Secretary. Specifically, they challenged the Secretary's policy of denying or terminating disability benefits solely because claimants' impairments are not medically "severe" and without consideration of claimants' age, education, work experience, residual functional capacity, or ability to return to their former work. Appellees then filed motions for preliminary injunctive relief and class certification. While these motions were pending before the district court, this court invalidated one of the Secretary's severity regulations, 20 C.F.R. Sec. 404.1520(c) (1985), on the ground that it was inconsistent with the Social Security Act (the "Act"). See Baeder v. Heckler, 768 F.2d 547 (3d Cir.1985).
 
 
 2
 After we decided Baeder, the Secretary defended the motions pending in the district court by contending that a policy, set forth in Social Security Ruling ("SSR") 85-28, rendered 20 C.F.R. Sec. 404.1520(c) and the other severity regulations[1] consistent with our holding in Baeder. The district court rejected this argument and granted appellees' motions for class certification and preliminary injunctive relief. The Secretary appeals the orders of the district court, invoking our jurisdiction under 28 U.S.C. Sec. 1292(a)(1) (1982). We will vacate in part the district court's order issuing the preliminary injunction and remand the matter to the district court.
 
 I.
 
 3
 Before we discuss the merits of the district court's grant of the preliminary injunction, we initially confront the Secretary's assertion that the district court erred in certifying the class of plaintiffs. The class certified by the district court includes
 
 
 4
 [a]ll persons in the State of New Jersey who have filed or will file applications for disability benefits under Title II and/or Title XVI of the Social Security Act, as amended, and whose benefits have been or will be denied or terminated based upon a finding of no severe impairment pursuant to the policies set forth in 20 C.F.R. Secs. 404.1520(c) and .1521, 416.920(c) and .921 (1983), and Social Security Ruling 82-55 (1982).
 
 
 5
 Wilson v. Heckler, 622 F.Supp. 649, 661-62 (D.N.J.1985). In its order, the district court also stated:
 
 
 6
 The plaintiff class does not include, at this time, any such persons who received decisions of the Secretary on or before July 25, 1984 and who failed either to file a complaint in federal district court or to appeal to the next level of administrative review within 60 days after the date of receipt of such decision.
 
 
 7
 For purposes of determining class membership, the term "person in the State of New Jersey" is defined as an individual who was domiciled in the State of New Jersey at the time of his or her most recent administrative decision.
 
 
 8
 For purposes of determining whether disability was denied or terminated based on a finding of no severe impairment, the rationale of the final agency denial shall be controlling except that the rationale of the Administrative Law Judge shall be controlling where the Appeals Council denies review and has not initiated review on its own motion pursuant to 20 C.F.R. Sec. 404.969 (1983).
 
 
 9
 Wilson, 622 F.Supp. at 662.
 
 
 10
 The Secretary argues that the district court erred by including in the class claimants who have failed to exhaust administrative remedies. As explained below, we will not rule on this argument.
 
 
 11
 Our jurisdiction in this appeal is provided by 28 U.S.C. Sec. 1292(a)(1), which empowers this court to review district court orders "granting, continuing, modifying, refusing or dissolving injunctions." The district court's class certification ruling is pendent to the preliminary injunction order, which provides the basis for this appeal. In Kershner v. Mazurkiewicz, 670 F.2d 440 (3d Cir.1982) (in banc), this court held that "a pendent class certification order is not appealable under section 1292(a)(1) unless the preliminary injunction issue cannot properly be decided without reference to the class certification question." Id. at 449. The pendent class certification issue may be decided only when that issue "directly controls [the] disposition of the [preliminary injunction issue], or [when] the issues are, in some other way, inextricably bound." Id.; see Tustin v. Heckler, 749 F.2d 1055, 1065 (3d Cir.1984).
 
 
 12
 We believe that the class action and preliminary injunction issues are not sufficiently interrelated to provide us with jurisdiction to rule on the Secretary's class action contention. As appellees observe, each of the two issues are governed by different considerations. The preliminary injunction issue concerns whether the Secretary has authority to continue to apply the severity regulations in light of Baeder and SSR 85-28; the class certification issue, however, would be resolved by reference to principles of administrative finality.
 
 
 13
 Despite these differences, the Secretary maintains that the two issues may not be resolved separately because the district court premised its grant of a preliminary injunction on the status of the case as a class action. Specifically, the Secretary relies on the following statement by the district court:
 
 
 14
 In light of Baeder and of the new SSR, the court believes that plaintiffs would prevail on the merits with respect to the requested injunctive relief. Contrary to the Secretary's assertion, the Baeder opinion does not "obviate the need for injunctive relief." Defendant's Supplemental Memorandum at 16. The Baeder court did refuse to affirm the district court's "all-encompassing" injunction barring the Secretary from conducting any proceedings whatsoever using the severe impairment regulation. Baeder, supra, 768 F.2d at 550, 553. However, the Third Circuit noted that it did so because the district court did not have the authority to issue so broad an injunction in the context of an individual disability appeal. Id. In contrast, the instant action is appropriate for such relief since plaintiffs seek an injunction in the context of a motion to certify a broad class of disability applicants.
 
 
 15
 Wilson, 622 F.Supp. at 654. Nothing in this passage reveals that the presence of a subclass of claimants who had failed to exhaust their administrative remedies was determinative of the court's decision to issue the injunction. We also find no language in the remainder of the opinion demonstrating that the district court would have refused to allow the suit to proceed as a class action if the subclass were excluded. Thus, it appears that the specific class certification issue raised here was not necessarily a vital component of the district court's decision to issue the injunction. While we agree with the Secretary that the two issues are related, we do not deem them inextricably connected and therefore will rule on the preliminary injunction issue alone.
 
 II.
 
 16
 In granting the appellees' motion for a preliminary injunction, the district court enjoined the Secretary "from denying or terminating Social Security Disability or Supplemental Security Income Benefits due to the policies set forth in 20 C.F.R. Secs. 404.1520(c) and .1521, 416.920(c) and .921 (1983), and Social Security Ruling 82-55."[2] The district court also imposed timetables for, inter alia, identification and notification of class members, shipment of files to the New Jersey Division of Disability Determinations, and reconstruction of claims files. The Secretary not only claims that the district court erred in enjoining application of the severity regulations, but also complains that the timetables constitute improper judicial intrusion into the operation of the Department of Health and Human Services.
 
 
 17
 We may reverse a district court's order granting preliminary injunctive relief only upon finding that the district court abused its discretion or committed an error of law in issuing the requested relief. See, e.g., Kershner, 670 F.2d at 443; Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 357 (3d Cir.1980). In pressing his first contention that the district court erred in enjoining the agency from applying the severity regulations, the Secretary maintains that the district court committed an error of law. Therefore, our standard of reviewing that contention is plenary. See Tustin, 749 F.2d at 1060.
 
 
 18
 The essence of this contention is that the district court erroneously concluded that SSR 85-28 was contrary to our Baeder decision. SSR 85-28 provides instructions for applying the second step of the evaluation process for determining entitlement to disability or supplemental security income benefits.[3] Under those instructions, the administrative adjudicator may apply the severity regulations, including 20 C.F.R. Sec. 404.1520(c), which was invalidated in Baeder. The Secretary justifies this policy by reading Baeder to provide that section 404.1520(c) is valid if applied only as a de minimus requirement that screens out applicants whose medical problems are "of a minimal nature." See Appellant's brief at 32. We disagree.
 
 
 19
 In Baeder, we held section 404.1520(c) invalid because the regulation's language and history of application was inconsistent with the Social Security Act's mandate that the Secretary consider both medical and vocational factors in deciding to award and continue benefits. 768 F.2d at 551-53. We specifically declined to follow other courts that upheld the validity of the section provided that the Secretary applied it to bar only the claims of those with de minimus medical complaints. Id. at 553. By continuing to apply section 404.1520(c) as clarified by SSR 85-28, the Secretary is following the path that we explicitly rejected.
 
 
 20
 The Secretary argues that language from Baeder expresses this court's acceptance of the validity of section 404.1520(c), if applied as a de minimus threshold. It is true that the Baeder court recognized that section 404.1520(c), read to apply only to applicants whose impairments could never prevent them from working, may be found to contain implicit consideration of vocational factors as required by the Social Security Act. Id. at 552. Nevertheless, in light of the history of the severity regulations and statistical evidence of their application, the Baeder court decided against permitting such a tenuous accommodation of the Act's mandate.[4] Thus, the district court correctly concluded that Baeder did not present the Secretary with an opportunity to develop a de minimus standard, as SSR 85-28 attempts to do. See Wilson, 622 F.Supp. at 653. As the district court held, Baeder's invalidation of section 404.1520(c) forecloses the Secretary from applying that regulation in any way.[5]
 
 III.
 
 21
 We finally turn to the Secretary's contention that the district court improperly imposed time deadlines on him in violation of the decision in Heckler v. Day, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). We review this contention under the abuse of discretion standard. See Tustin, 749 F.2d at 1060; see also Day, 104 S.Ct. at 2253.
 
 
 22
 In Day, the Supreme Court invalidated an injunction issued in a class action that imposed deadlines on the Secretary to issue reconsideration determinations and conduct hearings. Recognizing that Congress had repeatedly considered and rejected imposing mandatory deadlines on agency adjudication of disputes in disability claims under Title II of the Social Security Act, the Day Court ruled that "it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." Id. at 2258.
 
 
 23
 In the instant case, the district court carefully considered the scope of Day's proscription of setting time limits on the Secretary's administrative process. In fashioning its order granting injunctive relief, the district court distinguished between time limits on the Secretary's internal procedures for claim adjudication and limits relating to implementation of the injunction. Contrary to the Secretary's assertion, the court did not impose mandatory deadlines on the shipment and reconstruction of claims files. As for other actions concerning the Secretary's internal adjudicatory procedures, the court required only the Secretary's "best efforts" in meeting the court's time guidelines. The court made clear that compliance with these guidelines was "hoped for, but not required." Wilson, 622 F.Supp. at 660. The Secretary also maintains, however, that the timetables for identification and notification of class members violated Day. Although the deadlines for these actions were mandatory, we believe that the district court properly classified these actions separately from those concerning the Secretary adjudicatory procedures. In establishing mandatory deadlines for identifying and notifying class members, the court sought only to insure that claims denied under the invalid severity regulations would be placed in a position to be redetermined.[6] Accordingly, we hold that the district court did not contravene the teachings of Day in issuing its order.
 
 IV.
 
 24
 For the reasons explained above, we find no error in the district court's decision to issue a preliminary injunction in this case. Nor do we believe that the district court abused its discretion in establishing timetables for effecting the relief it granted. We nevertheless find that the following language from the court's November 14, 1985 order may be read to provide for a preliminary injunction that is broader than the court had authority to issue:
 
 
 25
 It is FURTHER ORDERED that plaintiffs' motion for a preliminary injunction is GRANTED and that, pending a final determination of this action, defendant, her agents, servants, employees and their successors:
 
 
 26
 1. Are enjoined from denying or terminating Social Security Disability or Supplemental Security Income benefits due to the policies set forth in 20 C.F.R. Secs. 404.1520(c) and .1521, 416.920(c) and .921 (1983), and Social Security Ruling 81-55 (1982)....
 
 
 27
 This paragraph does not indicate that the injunction covers only the Secretary's adjudication of claims submitted by persons in the State of New Jersey. Because the class of plaintiffs in this action is confined to individuals who were domiciled in New Jersey at the time of their most recent administrative decision, we hold that the scope of preliminary injunction should be similarly circumscribed. Cf. Baeder, 768 F.2d at 553. Therefore, we will vacate the above-quoted portion of the November 14, 1985 order of the district court and will remand the matter for clarification of the preliminary injunction's scope. The November 14, 1985 order will be affirmed in all other respects.
 
 
 
 [1]
 In addition to 20 C.F.R. Sec. 404.1520(c), the other severity regulations at issue here are 20 C.F.R. Secs. 404.1521, 416.920(c), 416.921. These four sections provide as follows:
 
 
 [20]
 C.F.R. Sec. 404.1520(c):
 You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience. However, it is possible for you to have a period of disability for a time in the past even though you do not have a severe impairment.
 
 
 [20]
 C.F.R. Sec. 404.1521:
 What we mean by an impairment(s) that is not severe.
 (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
 (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 (2) Capacities for seeing, hearing, and speaking;
 (3) Understanding, carrying out, and remembering simple instructions;
 (4) Use of judgment;
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 (6) Dealing with changes in a routine work setting.
 
 
 [20]
 C.F.R. Sec. 416.920(c):
 You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.
 
 
 [20]
 C.F.R. Sec. 416.921:
 What we mean by an impairment(s) that is not severe.
 (a) Non-severe impairment(s). An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
 (b) Basic work activities. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
 (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
 (2) Capacities for seeing, hearing, and speaking;
 (3) Understanding, carrying out, and remembering simple instructions;
 (4) Use of judgment;
 (5) Responding appropriately to supervision, co-workers and usual work situations; and
 (6) Dealing with changes in a routine work setting.
 
 
 [2]
 According to the Secretary, this appeal does not concern SSR 82-55, which was "obsoleted" in April 1985. See Appellant's brief at 4 n. 1. Instead, the Secretary identifies SSR 85-28 as the interpretive ruling relevant to this appeal. See id. at 35. Prior to granting the injunction, the district court issued an opinion in which it held that SSR 85-28, which was then unpublished, violated Baeder's holding. See Wilson, 622 F.Supp. at 650. The court, however, did not refer to SSR 85-28 in its preliminary injunction order. Nevertheless, the Secretary reports in her brief that SSR 85-28 will not be applied in New Jersey unless the district court's injunction is vacated. See Appellant's brief at 35 n. 15
 
 
 [3]
 SSR 85-28 provides, in part, as follows:
 As explained in 20 CFR, sections 404.1520, 404.1521, 416.920(c), and 416.921, at the second step of sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments "of such severity" as to be the basis of a finding of inability to engage in any SGA [substantial gainful activity]. An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities). Thus, even if an individual were of advanced age, had minimal education, and a limited work experience, an impairment found to be not severe would not prevent him or her from engaging in SGA.
 The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs. Examples of these are walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; use of judgment, responding appropriately to supervision, coworkers, and usual work situations; and dealing with changes in a routine work setting. Thus, these basic work factors are inherent in making a determination that an individual does not have a severe medical impairment.
 ....
 A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, i.e., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities. If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process.
 ....
 At the second step of sequential evaluation, then, medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities. If this assessment shows the individual to have the physical and mental ability(ies) necessary to perform such activities, no evaluation of past work (or of age, education, work experience) is needed. Rather, it is reasonable to conclude, based on the minimal impact of the impairment(s), that the individual is capable of engaging in SGA.
 By definition, basic work activities are the abilities and aptitudes necessary to do most jobs. In the absence of contrary evidence, it is reasonable to conclude that an individual whose impairments do not preclude the performance of basic work activities is, therefore, able to perform his or her past relevant work. If the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.
 Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work or to do other work based on the consideration of age, education and prior work experience.
 SSR 85-28 (footnote omitted).
 
 
 [4]
 We also note that subsequent opinions of this court should not be read as deviating from the Baeder court's decision that as a matter of general policy, the severity regulations cannot be justified under the Act as setting forth only a de minimus threshold
 
 
 [5]
 Because we conclude that SSR 85-28 violates the holding of Baeder, we need not address appellees' contention that SSR 85-28 is unlawful because the Secretary failed to comply with the procedural safeguards of the Administrative Procedure Act and Social Security Act
 
 
 [6]
 We further note that prior to granting the preliminary injunction, the district court solicited the Secretary's suggestions on the timing of the injunctive relief. In setting the mandatory deadlines in its order, the court deferred to the Secretary and, for the most part, adopted his suggestions. See Wilson, 622 F.Supp. at 660-61